UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA GARDNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:11CV00922 AGF |
| CHARTER COMMUNICATIONS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for summary judgment against Plaintiff Brenda Gardner pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, who is an African American female, brought this action against her former employer, Defendant Charter Communications, LLC, for violation of Title VII of the Civil Rights Act of 1964. Plaintiff alleges that she received disparate training, received written warning without cause, was subject to a hostile work environment, was kept on a third-strike status indefinitely, and was terminated, all based on her race and gender.

Defendant argues that it is entitled to summary judgment because the alleged discriminatory acts are all time barred, and alternatively, because Plaintiff cannot demonstrate a prima facie case of discrimination. Plaintiff has not responded to the motion for summary judgment and the time for doing so has expired. For the reasons set forth below, Defendant's motion for summary judgment shall be granted.

## BACKGROUND

For the purposes of the motion under consideration, the record establishes the following. Plaintiff was hired by Defendant in July 2007 as an Operations Analyst I. In October 2007, she received several training sessions for a new project. Plaintiff complained to her supervisor that the training she received was inadequate. In 2008, a white male who joined Plaintiff's department received higher quality training than she had. In the same year, she asked for additional training, but her request was denied while two white males were granted additional training.

On August 26, 2009, Plaintiff received a Corrective Action Report regarding her performance and behavior as well as an alleged violation of Defendant's integrity and honesty policies. The Corrective Action Report included a Performance Improvement Plan, which delineated Plaintiff's alleged performance shortcomings. In addition, four different co-employees made racial or sex-based comments to Plaintiff while she was working for Defendant.

On September 4, 2009, Plaintiff requested and was granted a leave of absence under the Family and Medical Leave Act ("FMLA"). She was thereafter granted several renewals of the leave. On June 7, 2010, in response to a query from Defendant as to her condition and whether she required any special accommodations to return to her job, Plaintiff submitted a statement from her physician stating that Plaintiff was totally incapacitated by her medical condition (Post Traumatic Stress Syndrome) and could not perform essential functions of her job. Plaintiff requested a buy-out package of two-

years' severance pay and other benefits, but did not request anything that would allow her to return to work. Defendant terminated Plaintiff's employment effective July 16, 2010. Her last physical day of work with Defendant was September 3, 2009.

On January 18, 2011, Plaintiff filed a charge of discrimination with the Missouri Commission on the Human Rights and the Equal Employment Opportunity Commission ("EEOC"), alleging race and gender discrimination.[1] In her charge, Plaintiff claimed that she was subject to harassment, received disparate training, and that her working environment was hostile. She alleged that the earliest act of discrimination occurred on August 3, 2009. Plaintiff filed this action on April 18, 2011. Plaintiff states in her complaint that she filed a "timely" charge with the Missouri Commission on the Human Rights and the EEOC.

Defendant argues that it is entitled to summary judgment because the record demonstrates that Plaintiff's administrative charge was not filed within the statutory limitations period of 300 days from the date of the alleged discrimination. In addition, Defendant contends that Plaintiff's claims fail on the merits because neither the denial of training nor the receipt of the written corrective counseling constituted an adverse employment action sufficient to demonstrate a prima facie case of discrimination; and that Plaintiff has failed to allege conduct that was sufficiently severe or pervasive to create a hostile work environment.

---

[1] The charge included claims of age and disability discrimination as well as retaliation, but these claims are not asserted in Plaintiff's complaint. (Doc. No. 31.)

**DISCUSSION**

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011) (citation omitted). When a motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e).

Under Title VII, in a case such as Plaintiff's where a charge is filed with a state agency as well as with the EEOC, an administrative charge of discrimination must be filed "within three hundred days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e–5(e)(1). The United States Supreme Court has held that this limitation period is subject to equitable doctrines such as tolling and estoppel, but that such doctrines are to be applied sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see also Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797-98 (8th Cir. 1998) ("The filing of a timely charge with the EEOC is a requirement that, like a statute of limitations, is subject to . . . equitable tolling, but the doctrine of equitable tolling is a limited one reserved for circumstances that are truly beyond the control of the plaintiff") (citation omitted); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328-29 (8th Cir. 1995) (stating that the EEOC filing period should be tolled only when the

plaintiff is unable to obtain vital information bearing on the existence of her claim).

Each discriminatory act "starts a new clock for filing charges alleging that act." *Morgan*, 536 U.S. at 102. As to a hostile work environment claim, "behavior alleged outside the statutory time period is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within" the 300-day period. *Id.* at 105. The party seeking the benefit of an equitable exception to the 300-day statute of limitations of Title VII has the burden to show entitlement to the exception. *Nedeltchev v. Sheraton St. Louis City Ctr. Hotel & Suites*, 335 F. App'x 656, 657 (8th Cir. 2009).

As noted above, Plaintiff filed her administrative charge of discrimination on January 8, 2011. The 300-day time requirement mandates that any act that formed the basis of Plaintiff's complaint must have occurred on or after March 14, 2010, for her charge to have been timely filed. Because the undisputed evidence indicates that all of the alleged discriminatory acts against Plaintiff occurred before March 14, 2010, Plaintiff's claims are time-barred in the absence of waiver, estoppel, or equitable tolling.

In her complaint, as noted above, Plaintiff only offered a conclusory statement that her charge was filed "timely," without providing any basis for tolling or estoppel. In addition, as noted above, Plaintiff has neither responded to Defendant's motion for summary judgment nor submitted any additional evidence concerning timeliness of the filing. Even when viewing the evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, her claims are not actionable because they are time-barred.

*See Id.* (affirming grant of summary judgment on Title VII claim based on Title VII statute of limitations where the plaintiff did not present any evidence showing entitlement to equitable tolling).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. (Doc. No. 29.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2012